UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ALONZO MOTON and
JAEDAN MOTON,

           Plaintiffs,

v.

PARK CHRISTIAN SCHOOL and
CHRIS NELLERMOE, INDIVIDUALLY
and
AS PRINCIPAL OF PARK
CHRISTIAN SCHOOL,

           Defendants.

Court File NO.20-cv-01201

**JURY DEMAND**

**DEFENDANTS' ANSWER TO COMPLAINT**

---

Defendants Park Christian School and Chris Nellermoe, by and through counsel, submit the following as their answer to Plaintiffs' Complaint.

I.

These answering Defendants deny each and every allegation, matter and thing contained in the Complaint except as is hereinafter admitted, qualified or otherwise explained.

II.

It is admitted that Alonzo Moton is the father of Jaedan Moton, both of whom are adults. These answering Defendants are without sufficient information as to admit or

deny the current residences of Alonzo Moton and Jaedan Moton and therefore deny the same.

III.

It is admitted that Alonzo Moton and Jaedan Moton are both African-American individuals.

IV.

It is admitted that Park Christian School is a duly licensed and accredited private school in Minnesota. It is denied that Park Christian School is located at 317th Street North, Moorhead, Minnesota. Park Christian School's correct address is 300 17th Street North, Moorhead, Minnesota 56560.

V.

It is admitted that at the time alleged in the Complaint, Chris Nellermoe was employed at Park Christian School as Principal and that all times relevant to the Complaint, Chris Nellermoe was acting within the course and scope of his employment at Park Christian School. Accordingly, Plaintiffs have improperly named Chris Nellermoe as an individual defendant in this cause of action. The remainder of the allegations contained in Paragraph 4 of Plaintiffs' Complaint contain legal conclusions for which no response is necessary.

VI.

It is denied that this Court has jurisdiction pursuant to 28 U.S.C. Sec. 1334, which governs Federal Bankruptcy Cases and Proceedings. It is admitted that Plaintiffs have asserted jurisdiction pursuant to 42 U.S.C. Sec. 1983, however, it is denied that Defendants are governed by 42 U.S.C. Sec. 1983 and Plaintiffs are put to their strictest proof thereof. It is further admitted that Plaintiffs have asserted jurisdiction pursuant to 42 U.S.C. Sec. 1981 (1977), however it is denied that Plaintiffs have properly plead a claim for relief pursuant to 42 U.S.C. Sec. 1981(1977).

VII.

It is denied that Alonzo Moto filled out an Application to have Jaedan Moton attend Park Christian School in August of 2014. Rather, a New Student Application was submitted to Park Christian School by Alonzo Moton and Jaedan Moton's mother, Joleen Moton, on June 21, 2012. It is further alleged that, as part of the New Student Application, Alonzo Moton and Joleen Moton failed to disclose that Jaedan Moton was placed on an Individualized Education Plan in 2012 by West Fargo Public Schools, despite the New Student Application specifically requesting this information.

VIII.

It is admitted that Jaedan Moton was ultimately enrolled as an 8th Grade student for the 2014-2015 academic year and was subject to the terms and conditions of the Student Handbook including, but not limited to, applicable probationary periods,

academic probation provisions, academic requirements of maintaining a minimum 2.0 semester Grade Point Average, academic eligibility requirements for participation in sports, requirements for re-taking failed classes and re-enrollment standards, among other things.

IX.

It is admitted that prior to the 2014-2015 academic year, Jaedan Moton attended West Fargo Public Schools. The remainder of the allegations contained in Paragraph 7 are vague and ambiguous and as a result, leave these answering Defendants without sufficient information to admit or deny and they therefore deny the same.

X.

These answering Defendants are without sufficient information as to what Alonzo Moton knew and believed with respect to the allegations contained in Paragraph 8 and therefore deny the vague and ambiguous allegations.

XI.

It is admitted upon information and belief that Jaedan Moton made friends during his time at Park Christian School during the 2014-2015 academic year including Tyrell Rodriguez and Connor Kvalvog. It is denied that Jaedan Moton was ever academically eligible to play on the Park Christian School basketball team. The remainder of Paragraph 9 is vague and ambiguous and as a result, these answering Defendants do not have sufficient information to admit or deny, and therefore deny the same.

XII.

In response to Paragraph 10, these answering Defendants reallege and reassert Paragraphs I-XI.

XIII.

It is admitted that multiple meetings, conferences and correspondence were exchanged between Park Christian School and Jaedan Moton, Alonzo Moton and Joleen Moton along with various school staff and administration regarding Jaedan Moton's academic status at the school. It is denied that Park Christian School "summoned" Alonzo Moton only after Jaedan Moton was enrolled for a "few months." It is admitted that through various discussions with Jaedan Moton's family, representatives and school district staff, a plan was reached to help Jaedan Moton meet the school-wide academic standards and requirements. That plan included extensions of the probationary period expectations and a number of accommodations, which were being provided to Jaedan Moton in an attempt to assist him in meeting the school-wide academic standards and requirements at Park Christian School. It is further alleged that Alonzo Moton agreed to the extended probationary period and accommodations provided to Jaedan Moton each academic quarter. The remainder is denied.

XIV.

It is specifically denied that Jaedan Moton was the only student at Park Christian School that was subject to the academic standards and requirements as set forth in the

Student Handbook. It is denied that other students at Park Christian School were not afforded the same opportunity to enter into written agreements regarding expectations and accommodations in an attempt to assist those students to achieve the requirements and standards of Park Christian School. Moreover, it denied that Jaedan Moton was placed on an "academic contract" as alleged and defined by Plaintiffs. The remainder of Paragraph 13 is specifically denied and Plaintiffs are put to their strictest proof thereof.

XV.

The allegations contained in Paragraph 14 are specifically denied and Plaintiffs are put to their strictest proof thereof.

XVI.

The allegations contained in Paragraph 15 are vague and ambiguous, however, it is admitted that with the accommodations and expectations set forth for Jaedan Moton, his third quarter academic performance had improved, but had still not met the minimum requirements of the Student Handbook. It is admitted that Park Christian School continued to reach out to Alonzo and Joleen Moton and their authorized representatives to continue discussions about Jaedan Moton's academic performance at the school and how to best serve Jaedan Moton academically, amongst other things. The remainder is specifically denied.

XVII.

The allegations contained in Paragraph 16 are denied and Plaintiffs are put to their strictest proof thereof.

XVIII.

It is admitted that Alonzo Moton did not sign the Fourth Quarter expectations and accommodations after a March 2015 meeting with school staff, the Motons and their representatives. It is further affirmatively alleged that on March 19, 2015 Joleen Moton requested Jaedan Moton be removed from the Academic Supportive Services Jaedan Moton was receiving daily, which was part of the accommodations recommended by Park Christian School. That request was granted and Jaedan Moton continued as a student at Park Christian School throughout the remainder of the 2014-2015 school year.

XIV.

It is admitted that on June 15, 2015 Alonzo Moton and Joleen Moton were advised that Jaedan Moton had not met the academic requirements of Park Christian School and as such, was not eligible for re-enrollment for the 2015-2016 school year. It is affirmatively alleged that prior to the written confirmation, Joleen Moton advised Defendants that Jaedan Moton would not be returning to Park Christian School for the 2015-2016 school year. The remainder of Paragraph 18 is specifically denied and Plaintiffs are put to their strictest proof thereof.

XX.

The allegations contained in Paragraph 19 are denied and Plaintiffs are put to their strictest proof thereof.

XXI.

The allegations contained in Paragraph 20 are specifically denied and Plaintiffs are put to their strictest proof thereof.

XXII.

The allegations contained in Paragraph 21 are specifically denied and Plaintiffs are put to their strictest proof thereof.

XXIII.

It is affirmatively alleged that pursuant to Fed. R. Civ. P. 12(b)(1), the Court lacks subject matter jurisdiction as plead by Plaintiffs in the Complaint.

XXIV.

It is affirmatively alleged that Plaintiff has failed to properly assert personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

XXV.

It is affirmatively alleged that Plaintiffs have failed to state a claim upon which relief can be granted.

XXVI.

It is affirmatively alleged and Defendants reserve the right to bring a Fed. R. Civ. P. 12(b) and/or Fed. R. Civ. P. 12(c) Motion to Dismiss at the applicable and appropriate time.

XXVII.

It is affirmatively alleged that Defendants are without sufficient information with respect to Plaintiffs' claims for alleged damages and therefore any claim for damages is denied and Plaintiffs are put to their strictest proof thereof.

XXVIII.

It is affirmatively alleged that Plaintiffs' claims are barred by the applicable statute of limitations.

XXIX.

It is affirmatively alleged that Plaintiffs allegation regarding discrimination in contract lacks consideration.

XXX.

It is affirmatively alleged that Park Christian School is a private Christian school and is thus afforded all of the rights and protections provided thereto.

XXXI.

It is affirmatively alleged that Plaintiffs' claims for punitive damages are not properly alleged in its current form.

XXXII.

It is affirmatively alleged that Plaintiffs' claim for punitive damages is precluded by the absence of any conduct justifying the imposition of such damages.

XXXIII.

These answering Defendants further reserve any claims that may exist regarding damages and the failure of Plaintiffs to mitigate those damages.

XXXIV.

It is affirmatively alleged that Plaintiffs' Complaint is barred in whole or in part because the action and practices complained of by Plaintiffs are not unlawful as to these answering Defendants as they were based on legitimate and non-discriminatory factors.

XXXV.

It is affirmatively alleged that Plaintiffs have failed to timely inform these answering Defendants of any alleged discrimination.

XXXVI.

It is affirmatively alleged that Plaintiffs claims are barred by waiver.

XXXVII.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendants demand a trial by jury.

**WHEREFORE**, Defendants demand judgment against the Plaintiffs dismissing their pretended cause of action, together with costs, disbursements, attorneys' fees and such other relief as the court deems just and proper.

Dated: 6/9/2020

**WALDECK LAW FIRM P.A.**

By: /s/
Lindsey J. Woodrow (389136)
Peter M. Waldeck (0306058)
Jason M. Stoffel (0391620)

121 South Eighth Street, Suite 1400
Minneapolis, MN 55402
Telephone: 612.375.1550
*Attorneys for Defendants*
*lwoodrow@waldeckpa.com*
*pwaldeck@waldeckpa.com*
*jstoffel@waldeckpa.com*