UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAEDAN MOTON and ALONZO MOTON,<br><br>Plaintiffs,<br><br>v.<br><br>PARK CHRISTIAN SCHOOL AND CHRIS NELLERMOE, *Individually and as Principal of Park Christian School*,<br><br>Defendants. | Civil No. 20-1201 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT AND DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS** |

David J.T. Chapman, **DJ CHAPMAN LAW, PC**, 3155 Bluestem Drive, PMB #388, West Fargo, ND 58078, for plaintiffs.

Jason M. Stoffel, Lindsey J. Woodrow, and Peter M. Waldeck, **WALDECK & WOODROW, P.A.**, 121 South Eighth Street, Suite 1400, Minneapolis, MN 55402, for defendants.

Plaintiffs Jaedan and Alonzo Moton (the "Motons") move for relief from judgment from the Court's March 29, 2022 Order granting Defendants Park Christian School's ("PCS") and PCS Principal Chris Nellermoe's Motion for Summary Judgment. Simultaneously, Defendants move for an award of attorney fees and costs. Because the Motons have not shown "exceptional circumstances" warranting relief under Rule 60(b)(1) or Rule 60(b)(6), the Court will deny their motion. The Court will also deny Defendants' Motion for Attorney Fees and Costs because the Motons' claims were not frivolous or vexatious.

**BACKGROUND**

The Motons initiated this action alleging that Defendants racially discriminated against them by requiring them to sign "academic contracts" in order to have Jaedan admitted as a student. (Mem. Opinion Order Granting Mot. Summ. J. at 1, Mar. 29, 2022, Docket No. 83.)  From the beginning, the Motons' case was marred by a litany of insufficient efforts by the Motons' previous counsel—Kevin Duffy.  Duffy initially pled that this Court has jurisdiction pursuant to 28 U.S.C. § 1334, which was incorrect, and failed to correct his mistake even after Defendants pointed out that the statute governed **bankruptcy** cases.  (Compl. ¶ 5, May 19, 2020, Docket No. 2; Ans. ¶ 6, June 9, 2020, Docket No. 7.)  Duffy also routinely failed to comply with deadlines outlined in the Pretrial Scheduling Notice and Order, did not timely respond to the Defendants' Motion for Summary Judgment, and completely failed to engage in written discovery, instead, relying upon depositions of the Defendants.  (Pls.' Mem. Supp. Mot. Relief J. at 2, 8, 11, Apr. 27, 2022, Docket No. 96.)

On March 29, 2022, the Court granted summary judgment for Defendants, concluding that the Motons did not establish jurisdiction or provide evidence establishing Defendants' discriminatory intent.  (Mem. Opinion Order Granting Mot. Summ. J. at 1.)

Pursuant to 42 U.S.C. § 1988, Rules 54(d)(1) and 54(d)(2) of the Federal Rules of Civil Procedure, and Local Rule 54.3, the Defendants have now moved for an award of fees and costs in the amount of $123,934.50 attorney's fees and $2,502.28 in taxable

costs for the defense of the Motons' 42 U.S.C § 1981 claims.  (Mot. Att'y Fees, Apr. 12, 2022, Docket No. 85; Mem. Supp. Mot. Att'y Fees at 2, April 12, 2022, Docket No. 86.) Defendants allege that the Motons' claims were frivolous and based on "conclusory allegations" due to the lack of evidence discovered during pre-trial discovery.  (Mem. Supp. Mot. Att'y Fees at 5–7.)  The Motons oppose the Defendants' motion and maintain that their claims were not frivolous and only failed to survive summary judgment due to Duffy's incompetent representation.  (Mem. Opp. Mot. Att'y Fees at 2, May 6, 2022, Docket No. 113.)

The Motons also move for relief from entry of summary judgment against them pursuant to Federal Rule of Civil Procedure 60(b)(1) and Rule 60(b)(6), arguing that Duffy's grossly negligent representation throughout these proceedings are "exceptional circumstances" entitling the Motons to relief.  (Mem. Supp. Mot. Relief J. at 19, April 27, 2022, Docket No. 96.)  Defendants oppose the Motons' motion, arguing that the Motons' claims did not survive summary judgment because they did not have viable claims from the outset of the case regardless of the adequacy of Duffy's representation.  (Mem. Opp. Mot. Relief J. at 1, May 4, 2022, Docket No. 105.)

**DISCUSSION**

**I.    RULE 60(B) MOTION**

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding if the judgment or order resulted from "mistake, inadvertence, surprise, or

excusable neglect." Fed. R. Civ. P. 60(b)(1).  The Court may also relieve a party from a final judgment, order, or proceeding "if any other reason … justifies relief." Fed. R. Civ. P. 60(b)(6).  "The rule provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson,* 512 F.3d 1045, 1048 (8th Cir. 2008).  Although a Rule 60(b) motion is "grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice," it is not a vehicle for relief from an attorney's incompetence or carelessness, nor is it an opportunity for the parties to reargue the merits of the case.  *Harley v. Zoesch,* 413 F.3d 866, 870 (8th Cir. 2005); *Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476–77 (8th Cir. 1983); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

The Motons first seek relief under Rule 60(b)(1) for excusable neglect.  Excusable neglect includes a failure to comply with a filing deadline due to negligence, so long as there is a showing of good faith and a reasonable basis for failing to comply with the rules. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).  Attorney ignorance or carelessness is generally not excusable neglect under Rule 60(b)(1).  *Hunt v. City of Minneapolis*, 203 F.3d 524, 528 n.3 (8th Cir. 2000).

Duffy's conduct does not constitute excusable neglect under Rule 60(b)(1).  Duffy's carelessness, ignorance of deadlines, and inadequate representation underscores the lack of either good faith or a reasonable basis for failing to comply with the rules.  Further, it is well established in the Eighth Circuit that a Rule 60(b) motion does not provide relief

from an attorney's incompetence. *Inman v. Am. Home Furniture Placement,* 120 F.3d 117, 119 (8th Cir. 1997).  Consequently, Duffy's actions are not excusable neglect, and the Motons are not entitled to relief under Rule 60(b)(1).

The Motons also request relief pursuant to the catchall provision of Rule 60(b)(6) which permits a court to grant a Rule 60 motion for "any other reason that justifies relief." Relief under Rule 60(b)(6) is available only if "exceptional circumstances prevent relief through the usual channels." *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 997) (quotation omitted).  Although the purpose of Rule 60(b)(6) is to broaden the grounds for relief, the law is clear that a party cannot pursue the same grounds of relief under Rule 60(b)(6) as it did under 60(b)(1).  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988).

Here, the Motons raise the same grounds—Duffy's incompetent representation—under both Rule 60(b)(1) and (b)(6) and are therefore not entitled to the relief under Rule 60(b)(6).  However, even if the Motons had not raised the same grounds for relief, they have not met their burden of showing exceptional circumstances exist justifying relief under Rule 60(b)(6).  Rule 60(b)(6) is not the proper avenue to remedy complaints of improper representation because "[l]itigants choose their counsel at their peril." *Inman*, 120 F.3d at 118.  "While it may seem harsh to make [the Motons] answer for their attorney's behavior, any other result would punish [Defendants] for the inaction of [their]

opponents' lawyer."[1] *Id*. at 119. Duffy's behavior was undoubtedly incompetent, but his conduct does not rise to the level necessary to constitute "exceptional circumstances."[2]

Because the Motons have not articulated exceptional circumstances and have available alternative recourse to address Duffy's representation of them in this matter, the Court will deny their Motion for Relief from Judgment.

## II.   MOTION FOR ATTORNEY FEES AND COSTS

Defendants request $123,934.50 for attorney fees and $2,502.28 in taxable costs under 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d)(1) and 54(d)(2), and Local Rule 54.3.

### A.  REQUEST FOR ATTORNEY FEES

Pursuant to the "American Rule," each party must bear the costs of their own representation fees, absent any statutory exceptions. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). However, the Court may, in its discretion, allow a prevailing party "a

---

[1] Although the Court acknowledges that Duffy did not have malpractice insurance and the prospect of a potential recovery for the Motons against him may be limited, the Motons concede in their briefing that Duffy's disclosure of his lack of insurance was readily accessible online. (Mem. Supp. Mot. Relief J. at 20 n. 5.) And regardless, Duffy's lack of insurance does not alter the conclusion that a malpractice action is the more appropriate recourse as opposed to Rule 60(b) relief. See *Inman*, 120 F.3d at 119 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 634 n.10 (1961)).

[2] *Compare Heim v. C.I.R.*, 872 F.2d 245, 248 (8th Cir. 1989) (denying relief from judgment because the plaintiffs "voluntarily chose" their attorney to represent them and "cannot now avoid his acts or omissions in the proceeding"), *with Surety Ins. Co. of Cal. v. Williams*, 729 F.2d 581 (8th Cir. 1984) (granting relief from a final judgment where an attorney settled a case outside of the court without the permission of his clients and the district court entered a judgment pursuant to that agreement).

reasonable attorney's fee as part of the costs" in a § 1981 case.  42 U.S.C. § 1988(b).  Prevailing defendants are not automatically entitled to an award of attorney's fees.  *Flowers v. Jefferson Hosp. Ass'n, Inc.*, 49 F.3d 391, 392 (8th Cir. 1995).  Prevailing defendants may only recover attorney's fees when the suit was vexatious, frivolous, or brought to harass or embarrass the defendant, or when "the plaintiff continued to litigate after it clearly became so."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 42122 (1978); *Flowers*, 49 F.3d at 392–93.  Repeated, express willingness to advance claims that are "plainly barred or otherwise unwarranted" indicates that a party's claims are frivolous, vexatious, or brought to embarrass a defendant.  *See Fearing v. Lake St. Croix Villa Homeowner's Ass'n*, No. 06-cv-456, 2007 WL 1388260, at *3 (D. Minn. May 9, 2007).

When contemplating awarding attorney's fees, courts should resist the temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, their action must have been unreasonable or without foundation.  *Christiansburg*, 434 U.S. 412, 421–22.  Litigation is rarely predictable and "even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."  *Id.* at 422.

Here, Defendants are not entitled to recover attorney fees because the Motons' claims were not vexatious, frivolous, or brought to harass or embarrass Defendants.  Due in part to Duffy's repeated failures, the Motons case failed for lack of jurisdiction and failure to establish a prima facie case.  Although the Motons did not ultimately prevail on

summary judgment, their claims were not unreasonable or baseless solely because they failed at summary judgment. In many cases, it may be a party's honest belief that they have been the victim of discrimination and, even when faced with an uncertain or unfavorable record, a party may have reasonable grounds for initiating and maintaining an action. Were the Court to rely on the type of hindsight encompassed within the Defendants' argument, plaintiffs, except those with the most exceptionally rare of cases, would likely be chilled from seeking a potential remedy.

Accordingly, the Court is not persuaded that the Motons' claims were frivolous and will deny the Defendants' motion for attorney fees.

### B. REQUEST FOR COSTS

Under Federal Rule of Civil Procedure 54(d)(1), the Court may tax costs in favor of a prevailing party. The expenses that may be taxed include "fees of the clerk and marshal, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court appointed experts and interpreters." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015) (citing 28 U.S.C. § 1920). The Court "has substantial discretion in awarding costs to a prevailing party under" Rule 54(d) and § 1920. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quotation omitted). "As the losing party, [the Motons] bear[] the burden of overcoming the

presumption that [Defendants are] entitled to recover all costs allowed by § 1920." *Stanley,* 784 F.3d at 464.

Defendants request a total amount of $2,502.28 in costs consisting of $40.00 for fees paid to the Clerk of Court, $1,686.00 for necessary transcripts, and $776.28 for witness costs.  (Mot. Att'y Fees; Bill of Costs, Apr. 13, 2022, Docket No. 92.)  The Motons argue that the Defendants incurred unnecessary deposition expenses but do not otherwise specify which fees are at issue or why they are unnecessary.  Accordingly, the Court will analyze each category of requested costs.

First, filing fees paid to the clerk of the court are a taxable cost.  28 U.S.C. § 1920(1).  In the Bill of Costs filed by Defendants, Defendants identify $40.00 as fees paid to the Clerk of Court.  (Bill of Costs at 1.)  However, Defendants have not attached any supporting documentation for these fees demonstrating that these fees were paid to the Court.  Because Defendants have not sufficiently provided documentation for the fees paid to the Court, Defendants are not entitled to taxation of the requested amount of $40.00.

Second, with regard to Defendants' deposition transcripts costs, "even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in [the] case and was not purely investigative."  *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (quotation omitted).  The Motons have not argued that any of the depositions were

CASE 0:20-cv-01201-JRT-LIB

CASE 0:20-cv-01201-JRT-LIB


unnecessary or purely investigative. Therefore, the Court finds that Defendants are entitled to taxation of the requested amount of $1,686.00.

Third, Defendants request $776.28 for witness costs. However, the supporting documents attached to Lindsey J. Woodrow's declaration and to the Defendants' Bill of Costs lists $547.92 as the total amount of witness costs (Decl. of Lindsey J. Woodrow ("Woodrow Decl."), Ex. C at 2, Apr. 12, 2022, Docket No. 88-3; Bill of Costs, Ex. C at 2, Docket No. 92-2.) Upon further inspection, the discrepancy stems from Defendants' representation that the total cost of Raymond Kvalvog's attendance as a witness on March 22 and May 7 is $411.72. (Bill of Costs at 2.) However, Defendants only submitted costs for Mr. Kvalvog's attendance on March 22. (Bill of Costs, Ex. C at 1.) Accordingly, the Court will not incorporate the undocumented costs for Mr. Kvalvog's May 7 attendance and will use $547.92 as its baseline for witness costs.

Of the $547.92, Defendants request $395 in service fees, $15 in administrative fees, and $137.92 in witness fees. (Woodrow Decl., Ex. C.) In the Eighth Circuit, private process server costs are not taxable. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.1985) ("Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses.") Accordingly, Defendants are entitled to only $162.92 for witness costs and may recover costs in the total amount of $1,848.92.[3]

---

[3] Notwithstanding that the Defendants are entitled to taxation of their costs, the Court remains mindful of the equites regularly involved in civil rights litigation. *See Stanley v. Univ. of S. Cal.*, 178 F. 3d 1069, 1079–80 (9th Cir 1999.), *cert. denied*, 528 U.S. 1022 (1999) (holding that a

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Relief from Judgment Under Rule 60(b)(1) and Rule 60(b)(6) [Docket No. 95] is **DENIED**;

2. Defendants' Motion for Attorney Fees and Costs [Docket No. 85] is **GRANTED in part and DENIED in Part**;

    a. Defendants' request for attorney's fees is **DENIED**.

    b. Defendants' request for taxation of costs in **GRANTED** in the amount of $1,848.92.

DATED: October 5, 2022　　　　　　　　　　　　　／s／ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

district court abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial resources; and (2) "the chilling effect of imposing such high costs on future civil rights litigants"). However, in this case, the Court is persuaded that taxation of the Defendants' costs is appropriate and does not run the risk of chilling future litigants.